UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Robert Novak d/b/a Petswarehouse.com,
pro se,

                Plaintiff,      **MEMORANDUM AND ORDER**

               -against-      02-CV-2978 (DLI)

Petsforum Group, Inc., Thomas Barr,
Vince Chan, Robert Hudson d/b/a
Aquabotanic.com, John Doe, Mary Roe,

               Defendants.
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Before the court is a motion to dismiss filed by defendant Petsforum Group, Inc. ("PGI"). Because the court finds PGI's arguments persuasive regarding lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), the court grants PGI's motion to dismiss for the reasons discussed below without addressing the remaining arguments proffered by this defendant.[1]

On November 25, 2003, U.S. District Judge Dennis R. Hurley, then assigned to this case, issued a Memorandum & Order thoroughly analyzing 12(b)(2) motions made by numerous defendants, most of whom were accordingly terminated from this case. The court herein incorporates by reference the procedural history and facts of this case, as well as the standards of law relating to personal jurisdiction, as outlined in Judge Hurley's Memorandum & Order ("Hurley

---

[1] Defendant PGI also moves to dismiss under theories of insufficiency of service, judicial estoppel, plaintiff's failure to join his bankruptcy trustee as holder of his intellectual property, and failure to join corporate entities. For reasons of judicial economy, the court finds it unnecessary to address these arguments.

M&O"), which do not bear repeating here.

Plaintiff argues that PGI has waived its right to assert the defense of lack of personal jurisdiction, because PGI's response to plaintiff's motion for default constituted a "responsive pleading" under Fed. R. Civ. P. 12(h). This rule provides that the lack of personal jurisdiction defense and certain other defenses under Rule 12(b) "are waived if they are not included in a preliminary motion under Rule 12 as required by Rule 12(g) or, if no such motion is made, they are not included in the responsive pleading or an amendment as of right to that pleading under Rule 15(a)." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. 2004). Rule 7(a) lists which filings are considered "pleadings":

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

In interpreting the Federal Rules of Civil Procedure strictly, a response to a motion for default is not a "responsive pleading," because it is not listed in Rule 7(a). *See, e.g.*, *Estate of Rick ex rel. Rick v. Stevens*, 2001 WL 34008709, at *7 (N.D. Iowa) (suggesting strict construction of the Rule 7(a) list in determining what constitutes a "responsive pleading" for Rule 12(h) waiver purposes).

Some courts seem to have interpreted the phrase "responsive pleading" more broadly, holding that failing to assert lack of personal jurisdiction or another defense named in Rule 12(h) in the "first defensive move" waives the defense. *See, e.g.*, *Miller v. Batesville Casket Co.*, 219 F.R.D. 56, 58 (E.D.N.Y. 2003); *Flock v. Scripto-Tokai Corp.*, 2001 WL 34111630, at *3 (S.D. Tex.). However, these cases and others using the "first defensive move" language involve a defendant filing an answer or pre-answer motion to dismiss without raising the appropriate 12(b) defense. In light of

2

this, the "first defensive move" standard may not be any different from a strict interpretation of the list in Rule 7(a). Indeed, the district courts in this Circuit seem to favor this interpretation: "[a] defendant who wishes to raise the defense of no personal jurisdiction . . . must do so in its first defensive move, *be it a Rule 12 motion or an answer*." *Haywin Textile Prods., Inc. v. Int'l Fin. Inv.*, 137 F. Supp. 2d 431, 434 n.2 (S.D.N.Y. 2001) (quoting *Hartling v. Woodloch Pines, Inc.*, 1998 WL 575138, at *1 (S.D.N.Y.)) (alterations in original) (emphasis added).[2] Therefore, because a response to a default motion is not listed under Rule 7(a), and PGI has thus not made a "defensive move" involving a "pleading," the court deems that PGI has not waived its right to assert lack of personal jurisdiction as a defense.[3]

Moving to the merits of PGI's lack of personal jurisdiction defense, the court finds PGI's

---

[2] There is a least one case where a court held a 12(b)(2) defense waived because it was not raised in a response to a motion for default. *See United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1313–14 (10th Cir. 1994). However, this case is not controlling here.

[3] The court notes that, technically, PGI's "first defensive move"—using this phrase in its broadest sense—was filing a letter, dated January 27, 2003, responding to plaintiff's request, dated January 22, 2003, for a pre-motion conference to move for a default judgment against the defendant. PGI's letter was filed pursuant to Judge Hurley's rules, which provide: "The party opposing the motion must file a letter in response to the pre-motion conference letter within ten days of service." A response to a party's request for a pre-motion conference is also not among the documents considered "pleadings" under Rule 7(a).

PGI's next correspondence with the court, dated April 4, 2003, was a letter requesting a pre-motion conference to move to dismiss plaintiff's claims for the reasons asserted in this motion. The court did not set a briefing schedule for PGI's motion until March 26, 2004. In the meantime, the court allowed plaintiff to make the default motion, and PGI filed papers in response to the motion on April 25, 2003. Plaintiff's default motion was denied in the Hurley M&O.

Considering the sequence and contents of documents filed by PGI, the court does not find that any of PGI's filings waived its right to assert 12(b) defenses.

3

assertions persuasive, and jurisdiction is not proper under C.P.L.R. §§ 302(a)(1) and 302(a)(3)(i).[4] As with other defendants already dismissed from this case, the complaint contains insufficient allegations of any purposeful activities directed at New York. PGI submitted a sworn affidavit of its Office Manager, Patricia Gatlin, which indicates that PGI is an Alabama corporation with offices in Sheffield, Alabama. The affidavit states that PGI owns no real or personal property, owns no business interests, does not operate any business interests, has not contracted to supply any goods or services, and derives no income from goods sold or services rendered in New York State. (Gatlin Aff. ¶¶ 3–7.) Furthermore, the affidavit states that PGI does not regularly do business in New York and has no agents, employees, or offices in New York. (*Id*. ¶¶ 8–10.)

In arguing that jurisdiction is proper, plaintiff alleges he spoke to CompuServe's legal department and learned CompuServe has a contract with PGI, which he alleges invokes jurisdiction over it because of CompuServe's relationship with Time Warner AOL, a New York corporation. This hearsay evidence is insufficient to defeat PGI's motion to dismiss for lack of personal jurisdiction. *See, e.g.*, *Ariel Maritime Group, Inc. v. Pellerin Milnor Corp.*, 1989 WL 31665, at *2 n.4 (S.D.N.Y.). Moreover, there is no evidence of any direct contact between PGI and Time Warner that would show any purposeful activity directed at New York as required for long-arm jurisdiction.

Regarding plaintiff's suggestion that PGI's link to "paypal" invokes jurisdiction, the court previously analyzed this issue in the Hurley M&O. As Judge Hurley indicated, funds from the

---

[4] In his Amended Complaint, plaintiff bases jurisdiction only on these two sections of the New York long-arm statute. Though not in his Amended Complaint, plaintiff cited two additional bases for personal jurisdiction, C.P.L.R. §§ 302(a)(2) and 302(a)(3)(ii), which the court found inapplicable to any of the defendants. (*See* Hurley M&O at 10, 12–13.) For the reasons discussed by Judge Hurley, the same conclusion applies here. (*See id*.)

4

"paypal" feature are sent to defendant John Benn[5] personally—not PGI. (*See* Hurley M&O at 34–35.) Regardless of the destination of the funds, the collection of donations from the general population of Internet users does not show commercial activity directed at New York. *See Mothers Against Drunk Driving v. DAMMADD, Inc.*, 2003 WL 292162, at *6 (N.D. Tex.) (website's sporadic collection of donations, including some from forum state residents, "reflect[s] a lack of regular commercial activity required to exercise *in personam* jurisdiction based on Internet contacts"). Plaintiff's allegation that PGI "solicited monies through its 'Lawsuit Letter'" appears to be false, as his Exhibit S only contains sign-up instructions for a free newsletter to which interested parties can subscribe and unsubscribe at their will via e-mail. (Pl.'s Mem. at 18, Ex. S.) The mere sending of electronic newsletters, without any purposeful contact with New York residents specifically, is insufficient for establishing personal jurisdiction. *See Toys "R" Us, Inc. v. Step Two*, S.A., 318 F.3d 446, 454–55 (3d Cir. 2003). As in *Mothers Against Drunk Driving*, plaintiff's evidence of donations made via "paypal" and free newsletters "fail[s] to paint the picture of a significantly commercial website that is visited regularly by [forum state] residents." 2003 WL 292162, at *6.

Plaintiff argues PGI's "petsforum.com" website is sufficiently interactive to invoke personal jurisdiction. Citing *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000), Judge Hurley summed up how the interactivity of a website, where Internet users exchange information with the defendant, may establish personal jurisdiction: "To wit, a website that displays significant and commercial interactive design elements would trigger Section 302(a)(1). Conversely a website that does not demonstrate such interactive characteristics will not trigger Section 302(a)(1)." (Hurley M&O at 9.) In assessing interactivity, the court only considers the exhibits plaintiff offers and will

---

[5] Defendant John Benn was previously dismissed from this case. (Hurley M&O at 20.)

not engage in an independent review of the PGI's website, especially because of the impermanent nature of the Internet. (*See id*. at 16 n.4.)

Plaintiff urges that PGI's website is as interactive as defendant Hudson's website, which the court found "so interactive that it is deemed to comprise the transaction of business in New York." (*Id*. at 17.) Judge Hurley based the finding of interactivity on the following: "[Hudson's website] contains a chat room feature for communication and a 'store' for the online purchase of aquarium goods. This store allows for the actual purchase of items online. Also, Hudson's own affidavit indicates that approximately two-hundred dollars of business are transacted with New York customers each month." (*Id*. at 16.) PGI's website does not reach this level of interactivity.

Ms. Gatlin's affidavit states that the PGI website does not offer any product catalog, and consumer products cannot be purchased from it, although it provides links to other websites where products can be ordered. (Gatlin Aff. ¶¶ 13–14.) Merely providing links to other websites where goods can be purchased does not establish jurisdiction, particularly where the claims asserted by plaintiff do not arise from the existence of the links. *See Realuyo v. Villa Abrille*, 2003 WL 21537754, at *7 (S.D.N.Y.). *Cf. Novak v. Overture Servs., Inc.*, 309 F. Supp. 2d 446, 456 (E.D.N.Y. 2004) (personal jurisdiction satisfied where "transaction with a resident of New York gave rise to the specific claims alleged in the complaint").

Ms. Gatlin's affidavit explains that PGI's website, "petsforum.com," does not offer advertising space, but PGI does offer specific advertising on the forums it manages on CompuServe.[6] (*Id*. ¶ 12.) Indeed, petsforum.com contains information and pricing for the advertising packages it

---

[6] Plaintiff's exhibit P, a printout of an unidentified webpage, states: "The PetsForum Group is pleased to offer web space at a nominal charge to any non-profit organization dealing with pets and animals." It is unclear whether this also refers to advertising on the CompuServe forums.

offers on its CompuServe forums. (Pl.'s Ex. Q.) Plaintiff has identified one specific advertising banner sold to the New York based company Augies Dog House. According to PGI, at various times from 1999 to April 2002, petsforum.com received twenty-five dollars per month for posting a link to the Augies Dog House website. (Supplemental Gatlin Aff. §§ 4–13.) Not only does this one business relationship fail to rise to the level of "doing business," but it also lacks any substantial relationship to plaintiff's claims. Also, the CompuServe forums themselves do not establish personal jurisdiction, because there is no evidence that PGI targeted New York users in specific. *See Seldon v. Direct Response Techs., Inc.*, 2004 WL 691222, at *4 (S.D.N.Y.).

Plaintiff has not met his burden for establishing personal jurisdiction over PGI under § 302(a)(3)(i), because plaintiff has not shown that PGI "regularly does or solicits business . . . or derives substantial revenue from goods used or consumed or services rendered" in New York. Collecting random "paypal" donations, distributing a free newsletter, and providing links to other websites, with no targeting of New York residents, is not "doing business" in New York. Also, the single act of selling an ad to Augies Dog House is insufficient under § 302(a)(1), because there is no "nexus" or "substantial relationship" between this ad and the allegations in plaintiff's complaint.

For the reasons set forth above, PGI's motion to dismiss for lack of personal jurisdiction is granted.

SO ORDERED.

DATED:    Brooklyn, New York
             August 1, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge

7